**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2015 SEP -2  AM 10: 42

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

EMERSON PROCESS MANAGEMENT LLLP,
    **Plaintiff,**

-vs-              **Case No.  A-15-CA-416-SS**

WETRO LAN, LLC,
      **Defendant.**

---

**O R D E R**

  BE IT REMEMBERED on this day the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel.  Before the Court is Defendant Wetro Lan, LLC's Motion to Dismiss or, in the Alternative, Stay the Case [#13], Plaintiff Emerson Process Management LLLP's Response [#16] thereto, Defendant's Reply [#20] thereto, and Plaintiff's Sur-Reply [#25] thereto.  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following confirming its oral pronouncements.

  This is a declaratory judgment action brought by Plaintiff Emerson Process Management LLLP (EPM) against Defendant Wetro Lan, LLC (Wetro).  EPM seeks a declaration its product, the DeltaV Controller Firewall, does not infringe Wetro's U.S. Patent No. 6,795,918 (the '918 Patent).  In its motion to dismiss, Wetro argues this case should be dismissed because it is duplicative of an infringement suit presently pending in the Marshall Division of the Eastern District of Texas, or alternatively, should be stayed under the first-to-file rule.

  Wetro, which according to EPM was formed in December 2014, purchased the '918 Patent at the beginning of this year.  As Wetro admitted at hearing, the '918 Patent expired in 2012 after

its inventors failed to pay the maintenance fees required by the Patent Office, was expired at the time Wetro bought it, and remains expired today. After purchasing the '918 Patent, Wetro filed 55 suits for infringement in the Eastern District,[1] including one suit against Emerson Electric Co., the corporate parent of EPM. EPM represented at hearing that Emerson Electric Co. is a holding company at the very top of the Emerson corporate pyramid which has nothing to do with the production or marketing of the DeltaV Controller Firewall. According to EPM, it, not Emerson Process Co., makes and markets the allegedly infringing product.

District courts in this Circuit conduct a three-pronged inquiry in determining whether to dismiss a declaratory judgment action, asking whether: (1) the action is justiciable; (2) the court has authority to grant declaratory relief; and (3) the court should exercise its discretion to dismiss the action. *Lateena Girls, L.L.C. v. Latina Media Ventures, L.L.C.*, No. SA-06-CA-217-RF, 2006 WL 2547884, at *4 (W.D. Tex. Aug. 9, 2006) (citing *Orix Credit Alliance v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). Here, the first and second factors are satisfied, and the Court declines to exercise its discretion to dismiss this case. Considering the non-exhaustive factors for guiding the Court's discretion set forth in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994),[2] the Court first finds the convenience of the parties strongly favors retaining this case. Specifically, EPM's principal place of business—Round Rock, Texas—is located in this District, and the EPM witnesses with

---

[1] A PACER query of the Eastern District's electronic filing system for "Wetro Lan" returns 55 lawsuits against 55 different defendants, all filed on four different dates from January through March 2015.

[2] The seven nonexclusive factors are: "(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Trejo*, 39 F.3d at 590–91. Because there are no state actions pending, the only factors relevant here are (2)–(6).

knowledge of the DeltaV Controller Firewall reside in this District.  Wetro does not dispute that all of the pertinent EPM witnesses with knowledge of the accused device are located here.  In contrast, Wetro has identified only one potential witness, Anthony Wang, who resides in the Eastern District; Mr. Wang is an officer of Wetro whose connection to the material issues in the case, if any, is not clear.

Further, there is no indication EPM filed this action for improper or abusive reasons.  The circumstances of the Eastern District litigation, however, are peculiar.  Despite Wetro's decision to sue 55 companies for patent infringement in the Eastern District within the first three months after purchasing the '918 Patent (a number of which have already settled with Wetro), Wetro chose to sue EPM's parent, a large holding company, rather than EPM.  While Wetro Lan argues EPM and Emerson Electric Co. should be treated as the same entity, it provides no evidence in support of that claim other than attorney argument.  Under the circumstances, the Court declines Wetro's invitation to dismiss this litigation.  Similarly, the Court declines to exercise its discretion to stay this case pursuant to the first-to-file rule.  This action will be placed on the Court's typical patents docket and proceed to claims construction.

Accordingly:

IT IS ORDERED that Defendant Wetro Lan, LLC's Motion to Dismiss or, in the Alternative, Stay the Case [#13] is DENIED.

SIGNED this the _1st_ day of September 2015.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE